*E-FILED 04-09-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAIPING SU,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, an Agency of the United States; CHRISTOPHER SCOLESE, in his official capacity as Acting Administrator of NASA; SIMON PETER WORDEN, in his official capacity as Director of NASA Ames Research Center; ROBERT DOLCI, in an individual capacity and in his official capacity as Installation Security Chief at NASA Ames; REGINALD WADDELL, in an individual capacity and in his official capacity at NASA; FEDERAL BUREAU OF INVESTIGATION; ROBERT SWAN MUELLER III, in his official capacity as Director of the Federal Bureau of Investigation; SHERMAN KWOK, in an individual capacity and in his official capacity as an FBI agent; PATRICK ROSS, in an individual capacity and in his official capacity at the FBI, and DOES 1-100,<br><br>    Defendants.<br>_____/ | No. C09-02838 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S MOTION TO COMPEL**<br><br>[Re: Docket Nos. 75 and 90] |

Plaintiff Haiping Su brings this action against the National Aeronautics and Space Administration ("NASA"), the Federal Bureau of Investigation ("FBI"), and several individuals. At issue is NASA's decision to bar Su's access to its facilities based on a determination that he

allegedly posed a security risk. The gravamen of Su's complaint is that NASA made its decision without providing the notice and hearing he claims is required by NASA's regulations. He also claims that defendants violated his privacy rights by disclosing to third parties certain information about him.

Defendants now move for a protective order against discovery propounded by Su. Plaintiff moves for an order compelling defendants to respond to his requests. Because each motion essentially deals with the same issues, both motions will be addressed together in this order. The matter is deemed suitable for determination without oral argument, and the April 13, 2010 hearing is vacated. See CIV. L.R. 7-1(b). This court having considered the moving and responding papers, both motions are granted in part and denied in part.

Principally, this is a dispute over the scope of discovery permitted by Judge Ware's December 16, 2009 order (Docket No. 63). Notwithstanding the use of the term "Defendants," this court finds that, logically, the December 16, 2009 order requires only NASA to produce discovery at this time pertaining to plaintiff's Administrative Procedure Act ("APA") claim. The December 16, 2009 order, viewed in context, permitted certain discovery in order to focus issues in connection with NASA's then-anticipated summary judgment motion on Su's APA claim — a claim that had been dismissed as to all FBI defendants and the individual-capacity defendants.

However, this court finds that the December 16, 2009 order contemplates that more than just the administrative record would be produced. While it is true that judicial review on APA claims generally is limited to the administrative record, the December 16, 2009 order clearly authorizes plaintiff to propound discovery requests based on his review of the documents produced by NASA. If NASA believed that plaintiff should not have the opportunity to seek discovery beyond the administrative record, it could have moved for reconsideration or clarification of the December 16, 2009 order. NASA did not do so.

Trying to add weight to their argument that discovery beyond the administrative record should be disallowed, defendants point out that some of them have raised a qualified immunity defense. They correctly aver that courts typically stay discovery until that defense is resolved.

2

1 Nevertheless, although Judge Ware had been made aware of that defense, his order of
2 December 16, 2009 (1) said nothing about the possible impact of that defense on the timing of
3 discovery but (2) did unequivocally say that plaintiff could immediately undertake certain
4 discovery. Accordingly, this court declines to stay all further discovery in its entirety.

5 Nevertheless, Judge Ware did not intend to permit plaintiff to proceed with wide-
6 ranging discovery at this juncture. To the contrary, the December 16, 2009 order states that
7 plaintiff's discovery is to be "based narrowly" on information he learns in his review of the
8 produced documents. (See Docket No. 100-1, Atkinson Decl. in Opp. to Mot. for Protective
9 Order, Ex. B at 22). And, the discovery apparently was intended to focus on grounds asserted
10 in NASA's then-anticipated summary judgment motion. (See id., Ex. A at 26-27). Indeed, the
11 record presented indicates that an issue of particular interest is plaintiff's badge status (a) just
12 prior to the time defendants contacted him to investigate, (b) during the course of the post-
13 January 2008 investigation, and (c) as of the date his access to NASA's facilities was
14 terminated. (See id.). Su argues that his discovery requests are designed to target this
15 information about his badge status. Having reviewed Su's discovery requests, however, this
16 court finds that they go well beyond these issues and beyond the limited discovery
17 contemplated by the court.

18 Accordingly, within ten days from the date of this order, NASA shall produce non-
19 privileged documents that have not already been produced and which concern, pertain to, or
20 show any or all of the following:

21     (a)    whether a complete National Agency Check and Inquiry Report had been issued
22            at the time the decision was made to bar Su's access to NASA's facilities; and
23     (b)    Su's badge status (i) just prior to the time defendants contacted him to
24            investigate, (ii) during the course of the post-January 2008 investigation, and
25            (iii) as of the date Su was barred from accessing NASA's facilities.

26 Any documents withheld on the basis of the attorney-client privilege, the work product
27 doctrine, or any other privilege or protection shall be appropriately identified on a privilege log
28 in accordance with Fed. R. Civ. P. 26(b)(5), with the privilege log to be served within 10 days

3

of the date of this order. Su will be permitted to take a Fed. R. Civ. P. 30(b)(6) deposition of NASA (no more than 2 hours) re (a) the documents previously produced by NASA, (b) documents produced pursuant to this order, and (c) on the issues identified immediately above. Defendants' motion for protective order is otherwise granted and plaintiff's motion to compel is otherwise denied as to the discovery that Su will be permitted to conduct at this time.

With respect to information that NASA has redacted from the administrative record as privileged or otherwise protected from discovery, this court declines to find a waiver of any such privilege or other protection. Nevertheless, NASA shall provide Su with a privilege log as to the redacted information. The thrust of the cases cited by defendants is that no privilege log is required where (a) there was no obligation to make privileged material part of the administrative record in the first instance and (b) the plaintiff failed to show that records belonging in the administrative record were missing. See Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Services, 631 F. Supp.2d 23, 27 (D.D.C. 2009); Tafas v. Dudas, 530 F. Supp.2d 786, 793-94, 802 (E.D. Va. 2008). Here, by contrast, NASA has redacted information from the very documents it contends comprise the administrative record. The information redacted from the record shall therefore be included on NASA's privilege log to be served within 10 days from the date of this order.

SO ORDERED.

Dated:   April 9, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  5:09-cv-02838-JW Notice has been electronically mailed to:

2  James McManis    jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com

3  Karen Seifert    karen.p.seifert@usdoj.gov

4  Michael Gannon Reedy    mreedy@mcmanislaw.com, sshakoori@mcmanislaw.com

5  Richard Tyler Atkinson    tatkinson@mcmanisfaulkner.com

6  Vesper Mei    vesper.mei@usdoj.gov

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California

5