1

2                                    *E-FILED 03-09-2011*

3

4

5

6

7                              NOT FOR CITATION

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11   HAIPING SU,                              No. C09-02838 JW (HRL)

12            Plaintiff,
         v.                                   **ORDER GRANTING IN PART AND**
13                                            **DENYING IN PART DEFENDANTS'**
     UNITED STATES OF AMERICA; NATIONAL       **MOTION TO COMPEL DISCOVERY**
14   AERONAUTICS AND SPACE
     ADMINISTRATION; CHRISTOPHER              **[Re:  Docket No. 133]**
15   SCOLESE; CHARLES F. BOLDEN, JR.;
     SIMON PETER WORDEN; ROBERT DOLCI;
16   REGINALD WADDELL; and DOES 1-100,

17            Defendants.
     _____/
18

19        Defendants move to compel further discovery from plaintiff Haiping Su.  Su agrees to

20   supplement his damages disclosures, but opposes the motion in all other respects.  The matter is

21   deemed appropriate for determination without oral argument, and the March 15, 2011 hearing is

22   vacated.  CIV. L.R. 7-1(b).  Upon consideration of the moving and responding papers, this court

23   grants the motion in part and denies it in part as follows:

24   A.    Plaintiff's Claimed Damages

25        As noted above, plaintiff agrees to supplement his damages disclosures on or before

26   March 15, 2011.  He shall do so.  Defendants' motion is otherwise denied as moot.[1]

27   _____

28        [1]    Defendants say that, upon review of Su's supplemental disclosures, they may
     need more time for discovery and may want to serve additional expert reports.  Alternatively,
     defendants argue that they may request an order precluding plaintiff from presenting
     evidence of his claimed damages.  To the extent defendants believe that any such orders are
     warranted, they may need to find themselves seeking appropriate relief from Judge Ware.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

B.      Plaintiff's Tax Returns

Copies of tax returns in the hands of the taxpayer generally are subject to discovery.  St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19 (1961).  And, "[t]ax returns do not enjoy an absolute privilege from discovery."  Premium Service Corp. v. The Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).  "Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."  Id.  To balance the stated need for discovery against the policy favoring confidentiality, many courts permit discovery of tax returns only where the information is relevant and there is a compelling need for the returns because the information is not otherwise readily available.  See Aliotti v. The Vessel Sonora, 217 F.R.D. 496, 497 (N.D. Cal. 2003) (finding that although plaintiff's tax returns were relevant, defendant failed to establish a compelling need for them); see also Kayner v. City of Seattle, No. C04-2567-MAT, 2005 WL 482072 *1 (W.D. Wa., Feb. 27, 2006) (noting that "the greater weight of authority concludes that tax returns are subject to at least some level of heightened protection from disclosure").

Here, defendants seek production of Su's tax returns from 2003 to the present.  Su initially agreed to produce the requested returns, but says that he could not do so after defendants refused to agree that the documents would be kept confidential.  Su's tax returns are relevant or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  Although plaintiff has produced his W-2 forms and payroll records, he has alluded to other sources of income.  Moreover, in view of plaintiff's agreement that his damages disclosures should be supplemented, and given the upcoming close of discovery, this court will exercise its discretion and allow defendants leeway to obtain the requested returns.  Nevertheless, as noted above, tax returns should be protected from unnecessary public disclosure.  And, defendants have failed to convince that plaintiff's tax returns should be produced without a protective order.  See Stokwitz v. United States, 831 F.3d 893, 897 (9th Cir. 1987) ("The confidentiality of tax information may also be preserved in civil proceedings through protective orders.").

1    Accordingly, defendants' motion as to this issue is granted in part and denied in part.

2    Plaintiff shall, within 14 days from the date of this order, produce the requested tax return

3    documents.  The tax returns shall be kept confidential and may be used only for purposes of

4    prosecuting, defending, or attempting to settle this litigation.  Additionally, the tax returns may

5    only be viewed by persons involved in this litigation.

6    C.    Media Contacts

7    Interrogatory 17 asks plaintiff to "[s]tate the name, street address, electronic mail

8    address, internet address, and telephone number of all media outlets or news organizations of

9    any nature that you or anyone on your behalf had contacted, or that contacted you or anyone on

10   your behalf, and identify every communication that occurred with any such media outlet or

11   news organization regarding the facts alleged in your Consolidated Complaint."  (Mei Decl.,

12   Ex. 3).  The requested information is relevant or reasonably calculated to lead to the discovery

13   of admissible evidence. FED. R. CIV. P. 26(b).  Plaintiff has not clearly said that responsive

14   information does not exist.  He has not convincingly demonstrated that the requested

15   information is private or protected by the attorney-client privilege.  Nor is this court persuaded

16   that plaintiff may withhold responsive information that his attorneys may not have

17   communicated to him.  Defendants' motion as to this interrogatory is granted.  Within 14 days

18   from the date of this order, plaintiff shall answer this interrogatory, fully and under oath,

19   furnishing all information available to him, including any responsive information known to his

20   attorneys.  FED. R. CIV. P. 33(b).

21   D.    Plaintiff's Potential Witnesses

22   Plaintiff has identified 26 potential witnesses in his initial disclosures.  This court is told

23   that all but one are employees of the University of California, Santa Cruz (UCSC).  Defendants

24   move for an order requiring Su to provide more specific information about what these witnesses

25   know.  Plaintiff says that he cannot provide more specific information until he has an

26   opportunity to interview them.  Here, he points out that defense counsel apparently has

27   interviewed at least some of these witnesses, whereas he has not been given permission by

28   UCSC's general counsel to do the same.  Plaintiff is obliged to provide information reasonably

United States District Court

For the Northern District of California

available to him.  However, Su says that he cannot provide information he says he does not

have; and, defendants have not persuaded that plaintiff is improperly withholding information.

Accordingly, their motion on this issue is denied.   Plaintiff is nevertheless reminded that he has

a continuing duty to supplement his discovery responses and disclosures.  FED. R. CIV. P. 26(e).

SO ORDERED.

Dated:    March 9, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1    5:09-cv-02838-JW Notice has been electronically mailed to:

2    James McManis     jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com

3    Joseph Steven Jarreau     steven.jarreau@usdoj.gov

4    Karen Seifert     karen.p.seifert@usdoj.gov

5    Michael Gannon Reedy     mreedy@mcmanislaw.com, sshakoori@mcmanislaw.com

6    Richard Tyler Atkinson     tatkinson@mcmanisfaulkner.com

7    Vesper Mei     vesper.mei@usdoj.gov

8    Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5