**\*E-FILED 05-02-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAIPING SU, | No. C09-02838 JW (HRL) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS'** |
| UNITED STATES OF AMERICA; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; CHRISTOPHER SCOLESE; CHARLES F. BOLDEN, JR.; SIMON PETER WORDEN; ROBERT DOLCI; REGINALD WADDELL; and DOES 1-100, | **MOTION FOR PROTECTIVE ORDER RE THE DEPOSITION OF WENDE HOWER** [Re: Docket No. 146] |
| Defendants. | |

Defendants move for a protective order re the deposition of Wende Hower. Plaintiff opposes the motion. The matter is deemed appropriate for determination without oral argument. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion.

Wende Hower is identified as the person who manages the process by which NASA issues security badges for all employees, contractors, and visitors. In essence, plaintiff wants to depose her about NASA's badging process and decisions generally, as well as NASA's badging process and decisions as to plaintiff.

Judge Ware previously granted summary judgment in defendants' favor on plaintiff's Administrative Procedures Act (APA) claim. (Docket No. 122). In that order, the court found

that "the administrative record strongly supports Defendants' contention that the decision to debar Plaintiff was premised on the FBI and NASA's joint investigation, which was independent of the standard background check associated with the badging process." (Id. at 8). Su now contends that, through discovery, he has amassed information showing that, contrary to the court's summary judgment ruling, NASA's badging process and decisions as to him may be intertwined with the FBI-NASA investigation that led to the decision to remove him from NASA's facilities. Plaintiff believes that Hower has information that will show how intertwined those investigations were.

But, the fact remains that Judge Ware's summary judgment ruling stands. And, plaintiff's only claims for relief are for alleged violations of his privacy arising out of the decision to remove him from NASA's facilities. As such, this court finds that the testimony sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and that the burden and expense of the discovery sought outweighs its likely benefit. FED. R. CIV. P. 26(b). Defendants' motion for protective order therefore is granted. If plaintiff obtains relief resulting in a live claim as to which Hower's testimony is relevant, then this court's ruling is without prejudice to plaintiff to seek Hower's deposition.

SO ORDERED.

Dated:   May 2, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:09-cv-02838-JW Notice has been electronically mailed to:

James McManis    jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com

Joseph Steven Jarreau    steven.jarreau@usdoj.gov

Karen Seifert    karen.p.seifert@usdoj.gov

Michael Gannon Reedy    mreedy@mcmanislaw.com, sshakoori@mcmanislaw.com

Richard Tyler Atkinson    tatkinson@mcmanisfaulkner.com, eschneider@mcmanislaw.com

Vesper Mei    vesper.mei@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.