*E-FILED 06-24-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAIPING SU, | No. C09-02838 EJD (HRL) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION** |
| UNITED STATES OF AMERICA; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; CHRISTOPHER SCOLESE; CHARLES F. BOLDEN, JR.; SIMON PETER WORDEN; ROBERT DOLCI; REGINALD WADDELL; and DOES 1-100, | [Re: Docket No. 171] |
| Defendants. | |

Defendants challenge plaintiff's responses to several requests for admission (RFAs) and move for an order compelling him to provide better answers. The matter is deemed appropriate for determination without oral argument, and the June 28, 2011 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion in part and denies it in part.

RFAs 9-12 ask plaintiff to admit that NASA did not communicate certain information to "any individual outside of NASA Ames." The requests reportedly define "any individual outside of NASA Ames" to mean people who are not NASA employees or contractors. Plaintiff disagrees with that definition and has responded with information about NASA's alleged communications with NASA employees and contractors. This court agrees that plaintiff's

answers are non-responsive. Although plaintiff supplemented his responses to RFAs 11 and 12, this court finds that his supplemental responses convolute matters in that they provide qualified denials based on information that may or may not exist. In any event, plaintiff states in his opposition that he may have information that would require an amendment to these RFAs.[1] Accordingly, defendants' motion as to these requests is granted.

RFAs 39-42 ask plaintiff to admit that he has not identified "any individual outside of NASA Ames" to whom NASA communicated certain information about him. Again, the requests reportedly define "any individual outside of NASA Ames" to mean people who are not NASA employees or contractors. Plaintiff originally responded with information about NASA's alleged communications with NASA employees and contractors. Plaintiff now says that he has information that requires amendment to his response to RFA 39. Although plaintiff supplemented his responses to RFAs 40-42, this court finds those supplemental responses are deficient for the same reasons stated above in connection with RFAs 11-12. Indeed, with respect to RFAs 40-42, plaintiff says in his opposition that he "admits he has not identified individuals outside of NASA Ames to whom these matters were communicated." (Opp. at 5). If that is the case, plaintiff should say so in response to the RFAs in a non-evasive manner. Accordingly, defendants' motion as to these requests is granted.

RFAs 13-16 ask plaintiff to admit that the University of California Santa Cruz (UCSC) did not tell him that he was fired because of various statements allegedly made by defendants. The court finds plaintiff's responses sufficient. Defendants' motion as to these requests is denied.

RFAs 21 and 30-33 ask plaintiff to admit that no one from various identified groups witnessed his removal from NASA Ames on June 24, 2008. RFAs 25-29 ask plaintiff to admit that defendants have not communicated about him to various identified groups and entities. In essence, Su responded that he cannot identify any visitors who may have witnessed his removal; that he does not know whether and to what extent NASA may have communicated to others

---

[1] To the extent plaintiff believes that amendment to his responses is warranted, it is curious that he has not yet actually done so. See Fed. R. Civ. P. 26(e).

2

about him; and that after reasonable inquiry, he does not have sufficient information to enable him to either admit or deny the subject matter of these requests.

"The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). On the record presented, this court concludes that Su need not detail for defendants what he did as part of his "reasonable inquiry." A simple statement that the responding party has made a "reasonable inquiry" may not be sufficient. Asea, Inc., 669 F.2d 1242, 1246 (9th Cir. 1982). But, "Rule 36 requires only that the party state that he has taken these steps." Id.. And, "[g]enerally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control." T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997).

Having reviewed plaintiff's responses to these RFAs, this court concludes that they are sufficient. Defendants' motion as to these requests therefore is denied. Nevertheless, to the extent plaintiff indicates that he has information which may warrant supplementation or amendment of his responses to these RFAs, he shall serve his amended responses promptly. FED. R. CIV. P. 26(e).

SO ORDERED.

Dated:   June 24, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:09-cv-02838-EJD Notice has been electronically mailed to:

James McManis    jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com

Joseph Steven Jarreau    steven.jarreau@usdoj.gov

Karen Seifert    karen.p.seifert@usdoj.gov

Michael Gannon Reedy    mreedy@mcmanislaw.com, sshakoori@mcmanislaw.com

Richard Tyler Atkinson    tatkinson@mcmanisfaulkner.com, eschneider@mcmanislaw.com

Vesper Mei    vesper.mei@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.