*E-FILED: March 29, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAIPING SU,<br><br>  Plaintiff,<br>  v.<br><br>UNITED STATES OF AMERICA; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; CHRISTOPHER SCOLESE; CHARLES F. BOLDEN, JR.; SIMON PETER WORDEN; ROBERT DOLCI; REGINALD WADDELL; and DOES 1-100,<br><br>  Defendants. | No. C09-02838 EJD (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>[Re: Docket No. 162] |

Plaintiff Haiping Su works for the University of California, Santa Cruz ("UCSC") on the University Affiliated Research Center ("UARC"), a research cooperative operated by UCSC and funded by NASA. He previously had access to NASA's facilities pursuant to a contract between the Regents of the University of California and NASA. This lawsuit stems from NASA's decision to debar Su's access to its facilities when it determined that he presented a security risk. The gravamen of the complaint is that defendants violated Su's privacy rights by disclosing NASA's conclusion that he is a security risk, as well as the purported reasons for that conclusion, to plaintiff's UARC supervisors and colleagues.

Plaintiff moves to compel Robert Dolci and Reginald Waddell to answer certain deposition questions. He also moves to compel defendants to respond to several requests for

admission (RFAs). Defendants contend that the requested information is irrelevant and covered by the law enforcement privilege in any event.[1] Upon consideration of the moving and responding papers, and the arguments of counsel, this court grants the motion in part and denies it in part.

Plaintiff has not convincingly demonstrated the relevance of information concerning, pertaining to, or relating to NASA's badging process generally (or his badge application specifically); the underlying investigation leading to his debarment; or the basis for and timing of NASA's conclusion that he posed a security risk. Plaintiff previously has stated that his privacy claims do not concern the accuracy of the information allegedly disclosed. (See C10-00222 JW *Su v. United States*, Dkt. No. 17 at 15). And, although he disagrees with NASA's conclusion that he presents a security risk, his remaining privacy claims appear to concern only the alleged improper dissemination of that conclusion. Accordingly, this court finds that most of the deposition questions and RFAs at issue seek information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).[2] (See Reedy Decl., Exs. F-H). Moreover, it appears that several of the deposition questions at issue eventually were answered. (See, e.g., Reedy Decl., Ex. A (Dolci Depo. at 188); Ex. B (Waddell Depo. at 32, 69, 70, 72, 88, 136, 138).

With respect to Certified Question No. 26 from the Dolci Deposition (Reedy Decl., Ex. F), plaintiff seeks an answer to the question whether Dolci ever made the following statement to anyone about Su: "Don't take money from another government and then deny it" (or words to

---

[1] Defendants previously asserted objections based on the deliberative process privilege, but they did not pursue those objections on the instant motion. See Opp. at 10 n.8.

[2] Although defendants did not assert relevance objections during Waddell's deposition, that objection has not been waived. See FED. R. CIV. P. 32(d)(3)(A) (stating that objections to the relevance of testimony are not waived, even if not asserted at the deposition itself, "unless the ground [for the objection] might have been corrected at that time."); In re Stratosphere Corp. Securities Litig., 182 F.R.D. 614, 618 (D. Nev. 1998) ("It is usually not necessary to make an objection based upon irrelevancy. . . . It is difficult to conceive of the likelihood that a question which calls for irrelevant information can be 'cured' by restating the question, unless the question is changed to ask for relevant (i.e., different) information. Accordingly, it would be rare that an irrelevant question could be cured. Thus, the objecting party may wait until trial (or just prior to trial) to make the objection when, and if, the deposition testimony is offered into evidence.").

2

1    that effect). Dolci answered a narrower question posed by defense counsel and denied making
2    such a statement at a particular post-debarment meeting with Steve Hipskind and UARC
3    employees. (See Reedy Decl., Ex. F at 242). Plaintiff says that he is entitled to know whether,
4    aside from that meeting, Dolci ever made such a statement to anyone. This court agrees that
5    plaintiff may have some additional discovery beyond the response given by Dolci, but
6    concludes that any further response to this question shall be limited to (1) plaintiff's UARC
7    supervisors and colleagues; and (2) the post-debarment period. On the record presented, this
8    court is unpersuaded that such information falls within the law enforcement privilege.
9    Accordingly, within 14 days from the date of this order, Dolci shall answer the following
10   questions:

11   1.  After NASA determined that Su was a security risk and debarred his access from
12       its facilities—and putting aside the particular post-debarment UARC meeting
13       Dolci already testified about—did Dolci ever make such a statement to any of
14       plaintiff's UARC supervisors or colleagues?
15   2.  If the answer to the preceding question is "yes," describe the circumstances, i.e.,
16       to whom the statement was made, when, where, and why.

17   Dolci's answers shall be made under penalty of perjury; he may, however, answer these
18   questions by written response. Plaintiff's motion to compel as to this deposition question is
19   otherwise denied because it seeks information that is neither relevant nor reasonably calculated
20   to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1).

21   With respect to RFA 20, plaintiff seeks an admission that his "name has been put on a
22   list, document, or chart maintained by the government of the United States of America of
23   persons designated as a security risk that can be accessed by federal agencies, officers,
24   employers, and/or employees." (Reedy Decl., Ex. H). Plaintiff agrees that the government
25   cannot publicly confirm or deny whether a specific individual has been placed on any
26   "government watchlist." (Reply at 14). See, e.g., Gordon v. Fed. Bureau of Investigation, 388
27   F. Supp.2d 1028, 1037 (N.D. Cal., June 23, 2005). He nevertheless argues that this information
28   is relevant to establish his potential damages. That is, he contends that this information is

3

relevant to show that he might not be able to obtain federal employment—if, hypothetically, he were to lose his current job and seek federal employment at some point in the future. Plaintiff's arguments are speculative, and he has therefore not convincingly demonstrated that the information sought is reasonably calculated to lead to the discovery of relevant or admissible evidence. Additionally, the court finds that the likely benefit of the information sought is outweighed by the burden and expense that would be imposed. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's motion as to RFA 20 is denied.

Except as set forth above, plaintiff's motion to compel is denied in all other respects.

SO ORDERED.

Dated: March 29, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:09-cv-02838-EJD Notice has been electronically mailed to:

James McManis    jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com

Jonathan Eli Zimmerman    jonathan.zimmerman@usdoj.gov

Joseph Steven Jarreau    steven.jarreau@usdoj.gov

Karen Seifert    karen.p.seifert@usdoj.gov

Michael Gannon Reedy    mreedy@mcmanislaw.com, azandate@mcmanislaw.com, sshakoori@mcmanislaw.com

Richard Tyler Atkinson    tatkinson@mcmanisfaulkner.com, eschneider@mcmanislaw.com

Vesper Mei    vesper.mei@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.